# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| JONATHAN NAUGLES, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 4:09CV1058 CEJ |
| JUSTIN PETERSEN, | ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Jonathan Naugles for leave to commence this action without prepayment of the filing fee pursuant to 28 U.S.C. § 1915. Upon consideration of the financial information provided with the motion, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. As a result, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if does not plead "enough facts to state a claim to relief that

is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

Plaintiff brings this action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq*., and the Americans with Disabilities Act (ADA) of 1990, 42 U.S.C. §§ 12131 *et seq* . Plaintiff alleges that defendant operates a non-profit organization that helps minorities become business leaders. Plaintiff claims that he attended a seminar conducted by defendant at which he learned how to draft a business plan. Plaintiff says that he took the business plan to a loan counselor and requested a loan of $4,000 to $10,000. According to plaintiff, this request was denied and the loan counselor told him he would only be eligible for a loan of $300 to $500. Plaintiff alleges that the loan counselor had previously approved a $10,000 loan for another individual.

The complaint is devoid of any factual allegations of discriminatory conduct by the defendant that would violate either Title VII or the ADA. Additionally, the plaintiff

does not allege that he suffers from a disability. The complaint fails to state a prima facie case under either Title VII or the ADA. Tolen v. Ashcroft, 377 F.3d 879, 882 (8th Cir. 2004) (Title VII); Simpson v. Des Moines Water Works, 425 F.3d 538, 542 (8th Cir. 2005) (ADA). Therefore, this action will be dismissed under 28 U.S.C. § 1915(e).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **granted**.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [#4] is **denied** as moot.

Dated this 17th day of July, 2009.

_____
UNITED STATES DISTRICT JUDGE